UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER YEADON,

        Plaintiff,        Case No. 2:14-cv-178

v.        HON. GORDON J. QUIST

PRIYANIHA WIJAYAGUNARATNE,
et al.,

        Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff Roger Yeadon claims that he was denied health care at Marquette Branch Prison (MBP). Defendants include Priyaniha Wijayagunaratne, Jeffrey Stieve, Amy Robare, John Doe, Corizon Health Services, and Mental Health Services. Plaintiff alleges that he was transferred to MBP on November 21, 2013, after being in the custody of the Federal Bureau of Prisons for fourteen years. Plaintiff complains that he was treated for long term back and spine issues, including the loss of sensation in his right upper leg. Plaintiff initially was prescribed Tylenol and Ibuprofen, which were ineffective. In 2007 and 2008, Plaintiff was prescribed Percocet, a mild narcotic, that effectively relieved his pain. Plaintiff was transferred to a new prison in 2008, and his new treating doctor changed his prescription to Gabapentin. This medicine proved less effective than Percocet, but limited the pain to a tolerable level. However, because Percocet can become habit forming the doctor wanted to get Plaintiff off that medication.

Plaintiff alleges that from September 2008 to November 2013, he was transferred to six different federal prisons and examined by six different doctors. All six doctors continued him

on Gabapentin and listed Plaintiff's condition as chronic. In 2008, Plaintiff was treated with Wellbutrin for depression and continued on that medication until his transfer to MBP.

On November 21, 2013, Plaintiff was screened by Defendant Amy Robare after he was transferred to MBP. Plaintiff was informed that he would not receive Wellbutrin because it was not prescribed at MBP. Plaintiff was informed that he would have to kite mental health service at the prison to obtain a substitute. That afternoon during rounds, a nurse informed Plaintiff that he would not received any more Gabapentin medication once his supply ran out. Plaintiff was examined on November 25, 2013, by Dr. Wijayagunaratne. Dr. Wijayagunaratne told Plaintiff that he would not prescribe him Gabapentin, that there was nothing that he could replace it with, and that Plaintiff's only option would be to purchase Tylenol.

On December 6, 2013, Plaintiff was examined by Dr. Wijayagunaratne who ordered a back x-ray and offered Plaintiff 325mg of Tylenol. Plaintiff was already taking 800mg of Ibuprofen which was not effective alone, so he refused the prescription for Tylenol. Plaintiff did receive a six month prescription for Tylenol which was discontinued without any explanation. Plaintiff was told to make a request to Corizon Health Care's Pain Management Committee to obtain a stronger medication. Plaintiff made two requests to visit mental health services, but never received a response. Plaintiff's request to Corizon Health Care for a stronger medication was denied on March 20, 2014, by Defendant Dr. Jeffrey Stieve. On July 1, 2014, Dr. Wijayagunaratne informed Plaintiff that "no one has ever died from pain" and "God doesn't want us putting all these chemicals in our bodies." Plaintiff believes that there exists an informal policy carried out by defendants to deny treatment and medications in an effort to increase profits. Plaintiff has alleged that Defendants violated his Eighth Amendment rights by failing to provide proper medical care and mental health care and by subjecting him to unnecessary pain. Plaintiff claims that the Defendants have refused

to provide him with the medication that he needs. Plaintiff has filed a Motion for a Temporary Restraining Order and Preliminary Injunction requiring Defendants to provide him with the medication that he was receiving prior to his transfer to MBP.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983

action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the Defendants have violated his federal rights. Soon after Plaintiff transferred to MBP he was seen by P.A. Jason Vayre. Plaintiff complained of lower right back pain and walked with a limp while holding the left side of his back. P.A. Vayre found no objective abnormality in Plaintiff's back, no kyphosis or scoliosis, and straight leg tests were negative. Plaintiff was able to walk, rise from sitting, and get on the exam table without difficulty. P.A. Vayre recommended that Plaintiff exercise daily and engage in stretching exercises to help with back pain. Plaintiff was provided Tylenol.

Plaintiff's back pain complaints were presented to the Pain Management Clinic (PMC), a three member body of the MDOC used to help providers determined appropriate care for inmates suffering with chronic pain. On March 4, 2014, Plaintiff was examined. The PMC recommended self massage, heat, range of motion, and stretching exercises. It was also recommended that losing weight and walking twice a day would relieve complaints of pain. Plaintiff received Ibuprofen and Tylenol.

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006);

*Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, No. 13-5315, slip op. at 4-5 (6th Cir. Apr. 4, 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). This is not a case where Plaintiff's complaints have been ignored by Defendants. Plaintiff merely alleges a disagreement with his course of treatment for his back pain. In the opinion of the undersigned, Plaintiff has failed to show a likelihood of success on the merits of his claim that could justify injunctive relief at this stage of the proceedings. Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Docket #3) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 20, 2015