UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ROGER YEADON,

       Plaintiff,

v.                                                    Case No. 2:14-CV-178

PRIYANIHA WIJAYAGUNARATNE,         HON. GORDON J. QUIST
et al.,

       Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

       Plaintiff, a federal prisoner confined at a Michigan state prison with the Michigan Department of Corrections, sued several Defendants pursuant to 28 U.S.C. § 1983 alleging that they violated his Eighth Amendment rights by failing to provide him proper medical care and mental health care. On January 7, 2015 Defendants Stieve and Robare moved for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. (Dkt. # 14.) On February 10, 2015, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for summary judgment. (Dkt. # 36.) In addition, on February 20, 2015, Magistrate Greeley issued an R & R recommending that the Court deny Plaintiff's motion for a temporary restraining order and a preliminary injunction. (Dkt. # 44.) Plaintiff has filed Objections to both the February 10, 2015 R & R and the February 20, 2015 R & R.

       After conducting a *de novo* review of the R & Rs, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that both R & Rs should be adopted.

***February 10, 2015 R & R***

In the February 10, 2015 R & R, the magistrate judge noted that Defendants Robare and Stieve had demonstrated that although Plaintiff appealed three grievances to Step III, two of the Step III grievances were filed after Plaintiff filed his complaint in this case, and the remaining grievance, MBP-13-12-2192-12f3, did not mention Defendants Robare or Stieve. (R & R at 6.) The magistrate judge also noted that at the time Plaintiff submitted his grievance, he had not been denied anything by Defendant Stieve.

In his Objections, Plaintiff does not contend that the R & R should be rejected with regard to Defendant Robare, and in fact, Plaintiff requests that the Court dismiss her from this case. Accordingly, Defendant Robare will be dismissed.

With regard to Defendant Stieve, Plaintiff argues that he was not required to specifically name Defendant Stieve in his grievance because the grievance sufficiently put Defendants on notice that the grievance concerned Defendant Stieve. As support, Plaintiff cites a number of cases which held that the information the plaintiff-prisoner put in his grievance was sufficient to identify the individuals involved. Plaintiff's argument fails, however, because the issue is not sufficient identification, but rather whether the subject grievance relates to Plaintiff's allegations in the complaint against Defendant Stieve. Grievance MBP-13-12-2192-12f3 concerned an incident on November 25, 2013, which apparently involved Defendant Wijayagunaratne, not Defendant Stieve. (Dkt. # 15-3 at Page ID##92, 94.) There is no indication that Defendant Stieve was involved in that incident at all. In contrast, in his complaint, Plaintiff alleges that Defendant Stieve denied his request for a stronger medication on March 20, 2014. (Dkt. # 1 at Page ID#8.) Thus, grievance MBP-13-12-2192-12f3 is unrelated to Plaintiff's allegations against Defendant Stieve. Accordingly, the magistrate judge correctly concluded that Plaintiff failed to exhaust his claim against Defendant Stieve.

2

*February 20, 2015 R & R*

In his motion for a temporary restraining order or a preliminary injunction, Plaintiff requested that the Court order Defendants to provide him the medications he was receiving prior to his transfer to Marquette Branch Prison. The magistrate judge recommended denying the motion because, although Plaintiff had been denied such medications, his medical needs had not been ignored. In particular, the magistrate judge noted that Plaintiff had been examined by medical personnel at the prison who had prescribed Tylenol and recommended that Plaintiff exercise daily and perform stretching exercises to help with his back pain. The magistrate judge further noted that Plaintiff was examined by the Pain Management Committee, a three-member body that medical providers use as a resource to determine appropriate treatment plans for inmates suffering from chronic pain. (2/20/15 R & R at 4.) The Pain Management Committee recommended self massage, heat, range of motion, and stretching exercises, and Plaintiff was given Ibuprofen. The magistrate judge recommended against granting Plaintiff's motion because Plaintiff had received some medical treatment and his complaint appears to be based on his disagreement with the treatment he is receiving, rather than a complete lack of medical attention. (*Id.* at 5.) Finally, the magistrate judge noted that, as a matter of policy, courts should be hesitant to intervene in the administration of prison matters.

In his Objections, Plaintiff first notes that he has received his prescription for Wellbutrin, so that aspect of his motion for injunctive relief is moot. Plaintiff contends that the medical records Defendant Corizon Health, Inc. submitted in response to his motion are false and inaccurate, as they fail to fully describe the extent of the pain he is experiencing—that his pain is not localized to his lower right back as the records state. (Dkt. # 48 at Page ID#266.) He also objects to a declaration by Dr. Jeffrey Bomber, D.O., that Corizon submitted in support of its response, on the basis that Dr.

Bomber never personally examined Plaintiff. Plaintiff also cites the fact that Corizon has been sued numerous times as evidence that Corizon has a policy of denying prisoners essential medical treatment. Finally, Plaintiff complains about inadequate treatment that Corizon provided for his finger as another example of Corizon's failure to provide adequate medical care.

Having fully considered Plaintiff's Objections, the Court concurs with the magistrate judge's recommendation that Plaintiff's request for temporary and preliminary injunctive relief be denied. While Plaintiff may not be receiving the level of medical care he desires, based on its review of the record and pertinent documents, the Court notes that Plaintiff has been treated on several occasions for his back problems and it appears that Plaintiff's complaints are not being ignored. In light of these observations, the Court cannot say that Plaintiff has shown either a substantial likelihood of success or irreparable harm. Moreover, in reaching this conclusion, the Court is mindful that courts are generally hesitant to interfere with matters of prison administration and should defer to the professional judgment of prison administrators. *See Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S. Ct. 2162, 2167 (2003). Accordingly, for the reasons set forth in the February 20, 2015 R & R, the Court will deny Plaintiff's motion for injunctive relief.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 10, 2015 (dkt. # 36 ) is **ADOPTED** as the Opinion of the Court, and the MDOC Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (dkt. # 14) is **GRANTED**. Defendants Robare and Stieve are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's February 20, 2015 Report and Recommendation (dkt. # 44) is **ADOPTED** as the Opinion of the Court, and Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (dkt. # 3) is **DENIED**.

Dated: March 31, 2015                                /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE