UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER YEADON,

    Plaintiff,

v.

Case No. 2:14-cv-178
HON. GORDON J. QUIST

PRIYANIHA WIJAYAGUNARATNE, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    Plaintiff prisoner Roger Yeadon, housed at the Marquette Branch Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the remaining defendants Dr. Priyaniha Wijayagunaratne, Corizon Health Care and Mental Health Services. Defendant Mental Health Services brings this motion for dismissal, arguing that it is an arm of the State of Michigan and not an entity that can be sued under the Eleventh Amendment. (ECF No. 54).

    Plaintiff alleges that he was transferred to MBP on November 21, 2013, after being in the custody of the Federal Bureau of Prisons for fourteen years. Plaintiff complains that he was treated for long term back and spine issues, including the loss of sensation in his right upper leg. Plaintiff initially was prescribed Tylenol and Ibuprofen, which were ineffective. In 2007 and 2008, Plaintiff was prescribed Percocet, a mild narcotic, that effectively relieved his pain. Plaintiff was transferred to a new prison in 2008, and his new treating doctor changed his prescription to Gabapentin. This medicine proved less effective than Percocet, but limited the pain to a tolerable level. However, because Percocet can become habit forming the doctor wanted to get Plaintiff off that medication.

Plaintiff alleges that from September 2008 to November 2013, he was transferred to six different federal prisons and examined by six different doctors. All six doctors continued him on Gabapentin and listed Plaintiff's condition as chronic. In 2008, Plaintiff was treated with Wellbutrin for depression and continued on that medication until his transfer to MBP.

On November 21, 2013, Plaintiff was screened by Defendant Amy Robare after he was transferred to MBP. Plaintiff was informed that he would not receive Wellbutrin because it was not prescribed at MBP. Plaintiff was informed that he would have to kite mental health service at the prison to obtain a substitute. That afternoon during rounds, a nurse informed Plaintiff that he would not receive any more Gabapentin medication once his supply ran out. Plaintiff was examined on November 25, 2013, by Dr. Wijayagunaratne. Dr. Wijayagunaratne told Plaintiff that he would not prescribe him Gabapentin, that there was nothing that he could replace it with, and that Plaintiff's only option would be to purchase Tylenol.

On December 6, 2013, Plaintiff was examined by Dr. Wijayagunaratne, who ordered a back x-ray and offered Plaintiff 325mg of Tylenol. Plaintiff was already taking 800mg of Ibuprofen which was not effective alone, so he refused the prescription for Tylenol. Plaintiff did receive a six month prescription for Tylenol which was discontinued without any explanation. Plaintiff was told to make a request to Corizon Health Care's Pain Management Committee to obtain a stronger medication. Plaintiff made two requests to visit mental health services, but never received a response. Plaintiff's request to Corizon Health Care for a stronger medication was denied on March 20, 2014, by Defendant Dr. Jeffrey Stieve. On July 1, 2014, Dr. Wijayagunaratne informed Plaintiff that "no one has ever died from pain" and "God doesn't want us putting all these chemicals in our bodies." Plaintiff believes that there exists an informal policy carried out by defendants to deny treatment and medications in an effort to increase profits. Plaintiff has alleged that Defendants

violated his Eighth Amendment rights by failing to provide proper medical care and mental health care and by subjecting him to unnecessary pain. Plaintiff claims that the Defendants have refused to provide him with the medication that he needs. Plaintiff has filed a Motion for a Temporary Restraining Order and Preliminary Injunction requiring Defendants to provide him with the medication that he was receiving prior to his transfer to MBP.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Plaintiff named Mental Health Services as a Defendant.  Mental Health Services is an entity within the Michigan Department of Corrections.  The Michigan Department of Corrections is an arm of the State of Michigan.  Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections or any of its entities, including Mental Health Services.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment.  *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000).  In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Therefore, in the opinion of the undersigned, Mental Health Services should be dismissed from this case.

Accordingly, it is recommended that MDOC Defendant Mental Health Services' Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(B)(6) (ECF No. 54) be GRANTED.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: November 6, 2015           /s/ TIMOTHY P. GREELEY
                                  TIMOTHY P. GREELEY
                                  UNITED STATES MAGISTRATE JUDGE